UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Deborah Leyva and
Sarah Zakrzewski
    Plaintiffs,

v.

Christopher Daniels, Maj.
    Defendant.

Case No.:

## COMPLAINT FOR DAMAGES

Comes now Plaintiffs, Deborah Leyva and Sarah Zakrzewski (collectively "Plaintiffs") and state their complaint ("Complaint") against Christopher Daniels, Maj. ("Defendant") personally, and *not* as the personal representative of Marliene Hardman ("Decedent"), as follows:

### INTRODUCTION & PRELIMINARY STATEMENT

1. This is an action to remedy Defendant's pervasive breaches of fiduciary duty, gross mismanagement, self-dealing, illicit distribution, failure to accede to an accounting, failure to disclose all material information along with various other forms of misconduct.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Deborah Leyva ("Leyva") is a resident of the State of Florida and resides at 1001 Starkey Rd. #18, Largo, FL 33771.

3. Plaintiff Sarah Zakrzewski ("Zakrzewski") is a resident of the State of Colorado and resides at 3268 Bluegrass Circle, Castle Rock, CO 80109.

1

4.  Defendant is a resident of the State of Texas and resides at 2504 Rusting Creek Drive, Pearland, TX 77584.

5.  The amount in controversy in this lawsuit exceeds $75,000, the jurisdictional requirements of this Court as specified by 28 U.S.C. § 1332.

6.  Because Plaintiffs are citizens of Florida and Colorado and because Defendant is a citizen of Texas, and because the amount in controversy exceeds $75,000, subject matter jurisdiction is invoked under 28 U.S.C. § 1332. *Palmer v. Hosp. Auth. Of Randolph*, 22 F.3d 1559, 1562 n.1 (11th Cir. 1994) (noting that a personal representative suing on behalf of an estate assumes the citizenship of the deceased, 28 U.S.C. § 1332(c)(2), but, if suing in a personal capacity, retains the citizenship of the personal representative's state); *see also Kaplan v. Kaplan*, 2012 U.S. Dist. LEXIS 161480 (Middle District of Florida).

7.  Venue is proper under 28 U.S.C §§ 1391(b) and 1391(c) because Defendant is subject to personal jurisdiction in this judicial district because the tortious acts, occurred in this jurisdiction and because the Decedent's estate ("Estate") at the root of this Complaint is located in this jurisdiction.

## THE BACK STORY

8.  Defendant and Plaintiff Leyva are the only children of Decedent.

9.  Plaintiff Zakrzewski is the child of Plaintiff Leyva and Decedent's grandchild.

10. On or about July 16, 2010 Decedent executed a validly endorsed and witnessed last will and testament (the "Will"). *See* Exhibit K, Decedent's Will attached hereto and incorporated herein by reference.[1]

11. Decedent died on January 24, 2012, naming Defendant as personal representative

---

[1] Henceforth all Exhibits are attached hereto and incorporated herein by reference unless otherwise noted.

of her Will.

12. On January 30, 2012 Defendant filed the Will with Pinellas County's Circuit Court.

13. On or about January 30, 2012, as funeral arrangements were being made in Florida, Defendant declared that the Will had been altered by means of an alleged codicil detailing the distribution of personal assets. Defendant briefly showed a handwritten, but unsigned document, to Plaintiff Zakrzewski and to Zakrzewski's sister, Rachel Mansell ("Mansell"), also a named beneficiary of the Will, but refused to give either a copy. *See* Exhibit G, Zakrzewski affidavit; *see also* Exhibit H, Mansell affidavit.

14. Defendant refused Plaintiffs' repeated requests for a copy of the Will and the alleged codicil. Plaintiffs finally were forced to petition the Court for a copy the Will. The Court did not include the alleged codicil in the copy of the Will obtained by Plaintiffs.

15. Defendant finally sent Plaintiffs a copy of the alleged codicil on or June 20, 2012; five months after the Decedent's passing.

16. Defendant alleges, through counsel, that he filed the alleged codicil with the Court, however Defendant, prior to June 20, 2012, consistently refused to provide alleged codicil to Plaintiffs.

17. Under the instructions left by Decedent in her Will Defendant, as personal representative, was required to convey Decedent's:

    a. Mobile home and the sum of $10,000 to himself; and

    b. Mercedes Benz, free and clear of any lien, to Leyva.

18. The Will directed Defendant to convey the remainder of Decedent's estate ("Remainder"), in equal shares to be distributed as follows:

3

   a. Of Defendant's one half interest in the Remainder, twenty percent (20%) was to be divided between Defendant's two sons.

   b. Of Leyva's one half interest in the Remainder, twenty percent (20%) was to be divided between Plaintiff Zakrzewski and Mansell and fifteen percent (15%) was to be divided between Mansell and Zakrzewski's three children.

  19. Plaintiffs next requested a division of the Estate assets in accordance with the Will or, in the alternative, that Defendant probate the Will.

  20. Defendant did not respond to Plaintiffs' countless calls, text messages, and emails.

  21. Finally Plaintiffs retained counsel.

  22. On or about March 22, 2012, Plaintiffs' counsel filed a "Caveat of Interested Person" with the Florida Probate Court so that Plaintiffs could stay informed of any proceedings. *See* Exhibit E, Caveat filed with the Florida Probate Court.

  23. Upon information and belief, no probate proceedings related to the Decedent's Estate have commenced as of the filing of this Complaint, because Plaintiffs have not been notified by the Florida Probate Court via the instrument of the Caveat.[2]

  24. In total, Plaintiffs' counsel wrote Defendant four formal letters (i.e., dated February 8, 2012, February 28, 2012, March 19, 2012 and May 29, 2012 attached as Exhibits A - D) advising Defendant of his duties as a personal representative under Florida law and of Plaintiffs' rights as beneficiaries.

  25. On or about March 20, 2012 Defendant retained counsel presumably to help him meet the probate requirements of Florida law and to advise him as to his duties as a personal

---

[2] Defendant's counsel alleges that the proceedings have commenced but refuses to provide any documentation regarding same.

representative of the Estate.

26. On or about the middle of June 2012, Defendant provided Plaintiffs an unverified and incomplete list of the Estate's financial assets and liabilities. *See* Exhibit G, listing of the Estate's assets and liabilities.[3] Within this same timeframe, Defendant sent Plaintiffs dated copies of insurance policies showing Defendant as the sole beneficiary. *See* Exhibit H, listing of Decedent's insurance policies. Defendant refused to cooperate with Plaintiffs' attempts to verify the information provided in these exhibits.

27. Plaintiffs' counsel has repeatedly reached out to Defendant's counsel regarding submitting the Will to probate. *See* Exhibit E, communications between counsels.

28. On September 13, 2012 counsel for Defendant indicated that Defendant had agreed to file for "Probate Administration." *Id.*

29. Still Defendant has not responded and no "Probate Administration" has commenced.

30. From late February through early March 2013, Plaintiffs and Defendant exchanged offers and counteroffers intended to settle this dispute without the need for litigation.

31. Despite the fact that the Will stipulates that Defendant and Leyva were to split Estate assets equally (i.e. except for enumerated named assets) and that said split was also designed to inure to the benefit of Decedent's grandchildren and great grandchildren, and despite the fact that no verified and complete accounting has been received, and notwithstanding the Estate's ample financial assets including bank accounts, insurance policies, and a retirement plan, Plaintiffs offered to settle the dispute for a generously reasonable amount in order to reach closure. Defendant rejected this offer.

---

[3] For example, no mention of the cash value of Decedent's retirement plan with Humana has been provided, although Defendant has made vague claims that the New York Life Annuity represents the Humana retirement funds. *See* Exhibit J p. 4.

32. Upon information and belief, Defendant has misappropriated all financial assets of the Estate and distributed Estate assets contra to the intentions of the Will. By doing so Defendant has not fulfilled, to the best of Plaintiffs' knowledge, any of the probate requirements of Florida law (e.g. notification to creditors). *See generally* Florida Stat. 733.

33. Throughout this period Defendant has grossly mismanaged the Estate.

34. Defendant has refused to admit the Will to probate proceedings or issue a verified accounting of Estate property. Furthermore, Defendant impermissibly distributed Estate property to non-beneficiaries and continues to personally retain Estate property, for which Defendant arguably is only entitled to half.

## COUNT I – Breach of Fiduciary Duty
### [Florida Statute 733.609(1)]

35. Plaintiffs incorporate by reference all the allegations set forth in this Complaint as if fully set forth herein.

36. Under Florida Law, a personal representative of an estate is held to the same fiduciary standards as a trustee; as a fiduciary, the personal representative has a duty to protect the beneficiaries' interest by fair dealing in good faith with fidelity and integrity, and his personal interests may not conflict with his fiduciary obligations to the estate.

37. Defendant has a fiduciary relationship with and duty to all beneficiaries of the Estate as the personal representative of Decedent's Will.

38. Defendant's gross mismanagement, self-dealing, illicit distributions, failure to accede to an accounting and failure to disclose all material information, including a full, correct and valued inventory of Estate assets and the alleged codicil, constitute a breach of fiduciary duty.

39. Defendant breached those duties by continuously misrepresenting the extent and value of the Estate's assets, failing to maintain the property in the Estate, and failing to properly and prudently manage Estate assets.

40. Defendant breached his fiduciary duties to the Plaintiffs, as beneficiaries, by:

   a. enriching himself to Plaintiffs detriment by improperly retaining Estate assets for personal use;

   b. refusing Plaintiffs demands for an accounting;

   c. refusing to make Estate distributions to Plaintiffs;

   d. refusing to submit the Will to probate;

   e. wrongfully distributing Estate assets to non-beneficiaries;

   f. issuing a grossly inadequate inventory of Estate assets;

   g. otherwise grossly mismanaging the affairs, and wasting Estate assets.

41. Defendant's breach caused Plaintiffs to suffer damages.

42. The breach of the fiduciary duty was intentional . *See Palafrugell Holdings, Inc. v. Cassel*, 825 So.2d 937 (Fla. 3 DCA 2001).

### COUNT II - Breached Duty to Protect and Preserve Estate Assets and Breached Duty of Reasonable Care

43. Plaintiffs incorporate by reference all the allegations set forth in this Complaint as if fully set forth herein.

44. Defendant breached his fiduciary duty to protect and preserve Estate assets by:

   a. not maintaining the property belonging to the Estate and letting it waste to worthlessness (e.g., the Mercedes Benz, was at all previous times in good repair, but has been neglected to such an extent that it no longer runs);

   b. not selling or distributing electronics and other belongings of the Estate and allowing them to decrease in value;

   c. not preserving the assets of the Estate in a proper manner to retain their value;

   d. wrongfully distributing Estate assets to non-beneficiaries.

## COUNT III - Accounting

45. Plaintiffs incorporate by reference all the allegations set forth in this Complaint as if fully set forth herein.

46. Despite Plaintiffs numerous requests for an accounting, Defendant refused to furnish a verified accounting to Plaintiffs.

## COUNT IV - Inventory and Appraisal

47. Plaintiffs incorporate by reference all the allegations set forth in this Complaint as if fully set forth herein.

48. Defendant's inventory of the Estate assets fails to accurately represent all assets belonging to the Estate at Decedent's death.

49. Further, as can been seen by the grossly inadequate inventory, Defendant never valued the assets that were listed. *See generally* Exhibit L, listing of Decedent's personal property.

## COURT V - Conversion

50. Plaintiffs incorporate by reference all the allegations set forth in this Complaint as if fully set forth herein.

51. Defendant converted property of Plaintiffs to his own benefit.

52. Defendant converted Leyva's Mercedes Benz, through waste, as well as her full one-half interest in the Remainder, through illicit distributions. Also Defendant impermissibly distributed two diamond rings to Plaintiffs Zakrzewski and Mansell and other property to Peter Angarola, Decedent's brother but a non-beneficiary.

53. Upon information and belief, Defendant also wrongfully distributed other Estate assets to himself and other non-beneficiaries not named herein.

54. The actions by Defendant in this regard were not acts of the personal representative carrying out his obligations under the Will, but were individual tortious acts for his own personal benefit while knowing such acts would be harmful to Plaintiffs.

55. Defendant knew and intended his acts to cause damage to Plaintiffs. He consciously, maliciously and intentionally deprived Plaintiffs of their share of the Estate.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

### COUNT I – Breach of Fiduciary Duty
### [Florida Statute 733.609(1)]

(A) Grant judgment against Defendant for compensatory and punitive damages, including disgorgement and distributions which Defendant has improperly personally attained, along with pre-judgment and post judgment interest, attorney's fees and costs, with damages to be determined at trial and for such other further relief as the Court deems just and proper. See *Mortellite v. American Tower, L.P.*, 819 So.2d 928 (punitive damages allowed in such claims).

### COUNT II - Breached Duty to Protect
### and Preserve Estate Assets and Breached Duty of Reasonable Care

(A) Grant judgment against Defendant for compensatory and punitive damages, including pre-judgment and post judgment interest, for attorney's fees and costs, and for such other further relief as the Court deems just and proper.

### COUNT III - Accounting

(A) Grant an accounting of the Estate and damages against Defendant for his refusal to provide an accurate, complete and verified accounting.

### COUNT IV - Inventory and Appraisal

(A) Grant a full and correct inventory of the Estate and damages against Defendant for his refusal to provide an inventory.

### COURT V - Conversion

(A) Grant judgment against Defendant for compensatory and punitive damages, including pre-judgment and post judgment interest, for attorney's fees and costs, and for such other further relief as the Court deems just and proper.

### Designation of Place of Trial

Plaintiffs hereby designate Tampa, FL as the place of trial of the above-styled matter.

Respectfully submitted,

By /s/
Carlos A. Leyva
Florida Bar No. 0051017
**DIGITAL BUSINESS LAW GROUP, P.A.**
1001 Starkey Rd. #18
Largo, FL 33771
(800) 516-7903 phone
(800) 257-9128 fax
cleyva@digitalbusinesslawgroup.com
**ATTORNEY FOR PLAINTIFFS**

11